IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 18-CV-02517-GPG

Richard Reid, Plaintiff

Andre Matevousian, Warden, Federal Bureau of Prisons,
Jeff Sessions, United States Attorney General, and
Thomas Kane, Director, Federal Bureau of Prisons, Defendants

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 30 2018

JEFFREY P. COLWELL
CLERK

## AMENDED PRISONER COMPLAINT

On October 1st 2018 plaintiff, Richard Reid, filed a pro se prisoner complaint pursuant to U.S.C § 1915, which the court duely granted on October 4th 2018 thereafter forwarding an order to the plaintiff to amend his complaint on November 19th 2018 so as to show personal participation on the part of each defendant and when and how they violated his rights stating that each ; defendants role must be more then one of abstract authority over individuals who actually committed a constitutional violation ; and must ; by virtue of his own conduct and state of mind (have) did so as well; In this regards plaintiff concedes that he can most likely not do this in regards to defendant ; Jeff Sessions ; and thus moves to remove him as a defendant and to continue his complaint with the remaining two defendants as follows ...

1) As a sunni Muslim plaintiffs faith requires that he perform group prayers five times a day and a special Jumuah prayer once a week on fridays, however despite the existance of other group activities at the ADX since 2016, plaintiff is denied all access to group prayer in contradiction to both his first Amendment right to free practice and his R.F.R.A right to that, and his 14th Amendment right to equal protection as other group activities are available.

As Mr Matevousian is the warden at the ADX he is in direct charge of overseeing the running of the ADX and has been directly responsible for overseeing the implementation of numerous group activities which didn't exist at the ADX previously but

not allowing such for group prayers, Thereby denying plaintiff access To This right, and as director of The BOP at same is directly responsible for oversight of The BOP as a whole and for overturning policies which violates rights Through The internal BOP complaints process which he did not do when requested.

b) I have been denied access To religious representation, having been given no access To an Imam at all from early 2016 until September 2018, and insufficient access To one Since Then being given no more Than Two or Three minutes of Such access in Three Months.

c) Since 2016 I have been prevented from ordering Islamic materials from Islamic Institutions which provide These to inmates for free, and from Studying my religion by correspondence course. This policy was directly overseen by Mr Matevousion as prior to 2016 plaintiff was able to do The above and Mr Matevousion was responsible for implementing This policy and The prayers are both of which infringe upon plaintiffs' first Amendment rights to free Practice and his R.F.R.A, and his right to free Speech and access To information, and his 14Th Amendment right to equal protection as other inmates are given access To The above and how Islamic Institutions are able to send free books. And Mr Krone is responsible for denying plaintiffs request To overturn Those policies in accordance with The internal BOP complaints process

d) Plaintiff has been denied access To Halal meals despite The fact That The BOP recently started providing These To Muslim inmates Throughout The prison System, and despite The fact That Jewish inmate are given access To kosher meals which include Special consideration for Jewish holidays at The ADX, which infringes on his 1st Amendment rights and R.F.R.A rights and his 14Th Amendment ones, and has been prevented from keeping food from his Trays for voluntary fasts since 2016. Mr

McTeverossin has been the warden at the ADX for most of that time and is directly responsible for overseeing the running of the ADX and implementation of above policies, and Mr Kane is responsible for upholding these policies and denying plaintiffs requests to overturn them via the internal BOP complaints process

In each of the above points both the plaintiffs 1st Amendment rights and his R.F.R.A rights have been infringed due to the existence of a de minimus cost alternative in each case as have his other rights as mentioned.

e) In 2016 plaintiff was denied access to step down program on the basis he was classed as having influence on international terrorism; through the practice of his first Amendment right to free speech and free practice by writing to other about Islam without encouraging terrorism of violence while doing so — and told that he would not be allowed to partake in the step down program as long as he continues to do this, or remains in the media — even though he does not covet the letter nor have any control over it — thus being denied the opportunity to move to a less restrictive institution where he would have greater access to free practice on the basis on prior conviction without any subsequent illegal behaviour to justify that, whereas; reasons for administrative segregation of prisoner must not only be valid at outset but must continue to subsist during the period of segregation; (Kelly V Brewer 525 F.2d 394; 1975) and; any attempts to determine that an inmate will not function in the prison setting based on that for which he was convicted are a violation of due process; (Bono V Saxbe 450 F.Supp 934; 1978) Mr McTeverossin is directly responsible for denying the plaintiff access to the step down program which not only violates his 4th Amendment due process rights as mentioned but also his 1st Amendment Free Practice and Free Speech rights and his R.F.R.A rights and his 14th Amendment right to equal protection as other inmates with convictions similar to plaintiffs are allowed to pass through

The step down program without regard to their prior convictions and the likes, and Mr Kane is responsible for denying plaintiffs requests for relief via the internal B.O.P Complaints process.

As Such plaintiff requests that the Court grant his relief by commanding the defendants to allow him access to group prayers and religious representation as required by his faith and allowing him to order free religious books from Islamic institutions and study his religion by correspondence course, and granting him access to Halal meals while at the ADX, or to allow him to go through the step down program so as to go to an institution where that is possible.

Respectfully Submitted   Filed

Richard Reid
Plaintiff

Dated 11/26/18

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 18-CV-02517 _GPG

Richard Reid, Plaintiff

V

Andre Matevousian, Warden Federal Bureau of Prisons, et al

Defendants.

Certificate of Service

I, Richard Reid, The plaintiff in This case hereby certify
That I handed copies of; Amended Prisoner Complaint, to
ADX Staff for mailing to defendants at following addresses
on November 26th 2018;

i) Andre Matevousian, Warden, Federal Bureau of Prisons,
USP ADMAX, P. Box 8500, FLORENCE CO 81226

2) Jeff Sessions, US Attorney General, Department of Justice,
Constitution Ave + 10th ~~Street~~ State NW, Washington DC 20530

3) Thomas Kane, Director, Federal Bureau of Prisons, B.O.P
Central Office, 320 1st Street NW, Washington DC 20534

Dated 11/26/18          R. Reid

Richard Reid
24079 _038
USP ADMAX Po Box 8500
FLORENCE CO 81226

Richard Reid
24079 -034
USP ADMAX Po Box 8500
FLORENCE CO 81226

To The Clerk of The court,

please forward The accompanying; Amended Prisoner Complaint ; to Judge Gallagher in reference To civil action No. 18.cv- 02517 — GPG Reid V Matevousian et al.

Thank You.   R. Reid



Name: Richard Reid
Reg No: 24079-038
U.S. Penitentiary MAX
P.O. Box 8500
Florence, CO. 81226-8500

* Special mail *
to be opened
only by addressee *

11/29/18
W

Clerk of The Court
A. A. Aroj courthouse
901 19th St., Rm A105
Denver, Co 80294

80294-250099

DENVER CO 802

28 NOV 2018 PM 5 L